UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHECOREY D. SHANNON,

        Plaintiff,

v.

                                      Case No. 3:24-cv-88-MMH-PDB

MICHAEL J. HALE AND
OFFICER TOWNSEND,

        Defendants.

_____

**ORDER**

**I. Status**

Plaintiff Shecorey D. Shannon, an inmate of the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint; Doc. 1). Shannon is proceeding in forma pauperis and names two Defendants in the Complaint: Lieutenant Michael J. Hale and Officer Townsend. Id. at 1-2. He contends Defendants used excessive force, violating his rights under the Eighth Amendment.[1] See generally id.

_____

[1] Shannon also references the Fourth Amendment, see Complaint at 3, but because the alleged excessive force occurred while he was a convicted state prisoner, the Eighth Amendment applies to his claim. See Hudson v. McMillian, 503 U.S. 1 (1992) (evaluating use of force claim on prisoner in the context of the prisoner's Eighth Amendment rights). Likewise, while Defendants contend that Shannon raises a separate claim of battery, he does not assert facts supporting a separate state law claim of battery. See Motion at 2.

This matter is before the Court on Defendants' Motion to Dismiss (Motion; Doc. 12). Shannon filed a response in opposition to the Motion (Response; Doc. 13). As such, the Motion is ripe for review.

## II. Shannon's Allegations[2]

In the Complaint, Shannon alleges that on August 14, 2023, while he was housed at Suwannee Correctional Institution (Suwannee C.I.) and handcuffed, Defendants Hale and Townsend threw Shannon to the ground and "took turns" throwing dirt in his face, up his nose, and in his mouth in an attempt to suffocate him. Complaint at 4, 6. Shannon also asserts that Defendants "repeatedly" punched the side and back of his head with closed fists. Id.

As a result of Defendants' use of force, Shannon contends he suffered "lumps all over the back of the head and side" and physical and mental injuries. Id. at 6. Shannon further states that he was denied medical attention. Id. As relief, he requests punitive damages and a transfer to South Bay Correctional Institution. Id.

---

[2] In considering Defendants' Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Shannon, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint and may well differ from those that ultimately can be proved.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal

3

quotations omitted); <u>see also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." <u>Iqbal</u>, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as <u>de facto</u> counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" <u>Campbell v. Air Jamaica Ltd.</u>, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting <u>GJR Invs., Inc. v. Cnty. of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>, 610 F.3d at 709).

## IV. Discussion

Defendants argue that Shannon's Complaint should be dismissed because: (1) Shannon's request for punitive damages is barred under 18 U.S.C.

4

§ 3626(a)(1)(A); and (2) his request for a transfer to another facility must be denied. See generally Motion. In his Response, Shannon only asserts that he states a plausible claim to relief, without addressing Defendants' specific arguments. See generally Response.

### 1. Punitive Damages

According to Defendants, Shannon's request for punitive damages must be dismissed because it is statutorily barred. Motion at 4-12. They argue that 18 U.S.C. § 3626(a)(1)(A) precludes punitive damages in all civil rights cases because such damages are "prospective relief." Id. at 4-5. In support of their contention, Defendants assert that punitive damages "are never necessary to correct a violation of a federal right." Id. at 5. They also contend that even if an award of punitive damages is necessary to correct such a legal violation, that award could not satisfy the PLRA's "stringent limitations" as the relief is neither "narrowly drawn" nor "the least intrusive means necessary to correct the violation of the Federal right." Id. at 6.

Section 3626(a)(1)(A) provides:

> (1) Prospective relief. – (A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct

> the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). Defendants are correct that punitive damages are considered "prospective relief" under § 3626. See Johnson v. Breeden, 280 F.3d 1308, 1325 (11th Cir. 2002) (holding "punitive damages are prospective relief"), abrogated on other grounds by Kingsley v. Hendrickson, 576 U.S. 389, 395 (2015)). But their argument that punitive damages, as "prospective relief" under § 3626, are precluded in prisoner civil rights actions is wholly misplaced. Indeed, Defendants cite Johnson as their primary support for this notion; but in Johnson, the court did not hold that punitive damages were unavailable under § 3626 for § 1983 cases. Instead, in Johnson, the Eleventh Circuit clarified, in the context of a § 1983 civil rights case, that § 3626(a)(1)(A) merely provides the framework for awarding punitive damages. Id. at 1325. The court explained "a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case . . . [and] that such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so." Id.

While the Court is unaware of an Eleventh Circuit case in which that court has addressed Defendants' specific argument here, the Court cannot

6

disregard the Eleventh Circuit's long-standing recognition that punitive damages are available in prisoner civil rights actions. Indeed, the Eleventh Circuit has held that 42 U.S.C. § 1997e(e) permits claims for punitive damages for § 1983 claims without a physical injury requirement. Hoever v. Marks, 993 F.3d 1353, 1364 (11th Cir. 2021).[3] And it has held "[p]unitive damages are appropriate in § 1983 cases 'where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights.'" Barnett v. MacArthur, 715 F. App'x 894, 905 (11th Cir. 2017).[4] Also, the Eleventh Circuit Civil Pattern Jury Instructions on § 1983 damages include an instruction on awarding punitive damages. See Eleventh Circuit Pattern Jury Instruction, Civil Cases, Civil Rights – 42 U.S.C. § 1983 Claims – Damages § 5.13.

The Court also finds persuasive other district court decisions explicitly finding that § 3626(a)(1)(A) does not preclude an award of punitive damages in prisoner civil cases. See, e.g., Brown v. Semple, No. 3:16cv376, 2018 WL

---

[3] In Hoever, the Eleventh Circuit declined to address the availability of punitive damages in prison condition cases under 18 U.S.C. § 3626. Hoever, 993 F.3d at 1364 n.5.

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4308564, at *14 (D. Conn. Sept. 10, 2018) (collecting cases); Douglas v.

Byunghak Jin, No. 11-0350, 2014 WL 1117934, at *4-5 (W.D. Penn. Mar. 20,

2014) (reasoning that if Congress "intended to abolish punitive damages in all

prisoner litigation under the PLRA, it would have done so directly, and in much

plainer terms").[5] Thus, the Court declines to find that § 3626 precludes a

request for punitive damages in this § 1983 action, and the Motion is due to be

denied on this issue.

## 2. Request for a Transfer

Next, Defendants aver that Shannon's request for the Court to order

officials to transfer him out of Suwannee C.I. and to another facility must be

denied because matters of prison administration are within the Florida

Department of Corrections' (FDOC) authority, rather than that of the

judiciary. Motion at 12-13. Courts generally will not interfere with matters of

prison administration, including an inmate's custody status or place of

incarceration. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he

operation of our correctional facilities is peculiarly the province of the

Legislative and Executive Branches . . . not the Judicial."). Indeed, "the

---

[5] The Court notes that although decisions of other district courts are not
binding, they may be cited as persuasive authority. See Stone v. First Union Corp.,
371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would
not be bound to follow any other district court's determination, the decision would
have significant persuasive effects.").

decision where to house inmates is at the core of prison administrators'
expertise." <u>McKune v. Lile</u>, 536 U.S. 24, 39 (2002). Additionally, "inmates
usually possess no constitutional right to be housed at one prison over
another." <u>Barfield v. Brierton</u>, 883 F.2d 923, 936 (11th Cir. 1989) (citing
<u>Meachum v. Fano</u>, 427 U.S. 215 (1976)). As such, the Court lacks the authority
to enter an order directing the FDOC to transfer Shannon to another facility.
Thus, the Motion is due to be granted as to this argument.

Accordingly, it is

**ORDERED:**

1.      Defendants Hale and Townsend's Motion to Dismiss Plaintiff's
Complaint (Doc. 12) is **GRANTED in part and DENIED in part**. The Motion
is **GRANTED** only to the extent that Shannon's request for a transfer is
**DISMISSED with prejudice**. The Motion is otherwise **DENIED**.

2.      Defendants Hale and Townsend shall file an answer to the
Complaint (Doc. 1) by **January 15, 2025**.

3.    The Court will issue a separate order setting case management deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of December, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

JaxP-12
C:    Shecorey D. Shannon, 190811
        Counsel of record